UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERIC STEPHENSON,

        Plaintiff,                        Case No. 1:25-cv-10272

v.                                       Honorable Thomas L. Ludington
                                            United States District Judge

HEIDI WASHINGTON, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, AND DENYING PENDING MOTIONS AS MOOT**

Currently before the Court is Plaintiff Eric Stephenson's *pro se* Complaint. Because Plaintiff proceeds *in forma pauperis*, his Complaint is subject to screening under the Prison Litigation Reform Act. But his Complaint does not survive this screening because, as explained below, his claims challenge the validity of his current confinement and are thus barred by *Heck v. Humphrey*. So his Complaint will be dismissed without prejudice, and his pending motions will be denied as moot.

**I.**

On January 24, 2019, Plaintiff Eric Stephenson was sentenced as a fourth-time habitual felony offender to a prison term of 2½-to-30 years after pleading guilty to gun and drug offenses. ECF No. 1 at PageID.36–37; *accord See Offender Tracking Information System (OTIS) Search*, MICH. DEP'T OF CORR., https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=313176 (last visited July 22, 2025). On January 4, 2023, Plaintiff was released on parole. *See* ECF No. 1 at PageID.36.

Three months later, Plaintiff was criminally charged with indecent exposure and threatening behavior when a woman observed him masturbating in his car while parked outside a store in Hazel Park, Michigan. ECF No. 1 at PageID.37. Although these criminal charges were dropped, *see id.* at PageID.45, Plaintiff was separately charged with violating the conditions of his parole. *Id.* PageID.36-37. After a state-court evidentiary hearing, Plaintiff's parole was revoked, and his next parole consideration date was set for May 26, 2024. *See id.* at PageID.40, 189, 191–99. Plaintiff was then denied parole. *See id.* at PageID.31; *see also id.* at PageID.27, 191.

In August 2024, Plaintiff filed an administrative grievance with the Michigan Department of Corrections (MDOC) alleging false imprisonment, but the MDOC rejected the grievance because it was "vague, illegible, [or] contain[ed] extraneous information." *Id.* at PageID.19–20.

So Plaintiff turned to federal court. On January 29, 2025, Plaintiff filed a handwritten, *pro se* Complaint against seventeen Defendants, including Michigan Governor Gretchen Whitmer, Michigan Attorney General Dana Nessel, and Michigan Department of Corrections Director Heidi Washington. ECF No. 1. Respectfully, Plaintiff's allegations are difficult to decipher. Indeed, in one section, he purports to pursue a "class action." *Id.* at PageID.11. Liberally construed, Plaintiff seemingly alleges that various legal errors led to the erroneous revocation of his parole and his wrongful return to prison. *See id.* at PageID.2-11. Plaintiff seeks an unconditional release, his "record cleaned," his "name changed to Ihah Tut Isreal," the ability to "put a smile on [his] mother's face," and "a cash payout in the sum of one hundred million dollars, zero cents." *Id.* at PageID.4.

After filing his *pro se* Complaint, Plaintiff filed several *pro se* Motions including (1) a motion to waive or suspend the filing fee, ECF No. 2; (2) a motion for immediate consideration of his Complaint, ECF No. 3; (3) a motion "for register of actions certified copies/waive/suspend

fee," ECF No. 4; (4) a motion "for notice of change of address, and facility," ECF No. 5; and (5) a motion to amend his complaint, ECF No. 13.

On February 19, 2025, Magistrate Judge David R. Grand issued an order allowing Plaintiff to proceed *in forma pauperis* (IFP). ECF No. 9.

## II.

By proceeding IFP, Plaintiff's Complaint is subject to Prison Litigation Reform Act (PLRA) screening. *See* 28 U.S.C. § 1915(a)(1). During this screening, district courts must dismiss a complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "The former occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008) (quoting *Neitzke*, 490 U.S. at 327–28).

A complaint fails to state a claim when its factual allegations—even when assumed true— do no "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Here, all of Plaintiff's liberally construed claims arise under 42 U.S.C. § 1983. *See generally* ECF No. 1. To state a valid §1983 claim, Plaintiff "must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir.

2010) (emphasis omitted, punctuation modified). Plaintiff must also demonstrate that each Defendant acted under the color of law when depriving him of such federally secured right. *See* 42 U.S.C. § 1983. "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III.

Plaintiff seeks relief for his wrongful imprisonment as a result of the illegal revocation of his parole. *See generally* ECF No. 1. But because Plaintiff has not alleged that his parole revocation was overturned on appeal or otherwise declared invalid, his § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed accordingly.

A § 1983 claim is appropriate for a prisoner challenging the *conditions* of confinement— not the *fact or duration* of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). The latter challenges sound in habeas. *See id*. This holds true regardless of the specific type of relief sought by the plaintiff. *Heck,* 512 U.S. at 487–89. Indeed, the Supreme Court has held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)— if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). And the *Heck* doctrine expressly applies to claims challenging parole revocation proceedings. *See Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003).

Here, a ruling in Plaintiff's favor would necessarily imply the invalidity of his parole revocation. Indeed, the crux of Plaintiff unclear claims is that his parole was erroneously revoked, and he is therefore wrongfully imprisoned. *See generally* ECF No. 1. *Heck* holds that such claims

are not cognizable under 42 U.S.C. § 1983. Although the claims are cognizable on federal habeas review, this Court cannot construe Plaintiff's *pro se* Complaint as a petition for a writ of habeas corpus because, among other problems, Plaintiff has not yet exhausted his state court remedies as required by 28 U.S.C. §§ 2254(b) and (c). *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). So Plaintiff's Complaint will be dismissed, and his pending motions will be denied as moot.[1] But this *Heck*-bar-dismissal is without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015).

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion to Waive or Suspend the Filing Fee, ECF No. 2, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion for Immediate Consideration, ECF No. 3, is **DENIED AS MOOT.**

Further, it is **ORDERED** that Plaintiff's Motion for Register of Actions Certified Copies/Waive/Suspend Fee, ECF No. 4, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Notice of Change of Address and Facility, ECF No. 5, is **DENIED AS MOOT**.

---

[1] Although one of these motions sought to amend Plaintiff's complaint, that motion would be denied on the merits even if it was not moot. Indeed, Plaintiff's three-page, handwritten motion seeks to add one Defendant and "a new issue that he is being stigmatized as a convicted sex offender." ECF No. 13 at PageID.259. But, without more, such amendments fail to state viable claims and would be futile under Civil Rule 15. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (explaining that leave to amend complaints should not be granted if the proposed amendment would be futile). And, even if this Court granted Plaintiff's Motion to Amend and considered these cursory allegations, Plaintiffs' claims are still barred by *Heck* as challenging the fact and duration of his parole revocation and subsequent confinement.

Further, it is **ORDERED** that Plaintiff's Motion to Amend his Complaint, ECF No. 13, is **DENIED AS MOOT.**

**This is a final order and closes the above-captioned case.**

Dated: July 25, 2025                             s/Thomas L. Ludington
                                                 THOMAS L. LUDINGTON
                                                 United States District Judge